UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>v.  )<br>  )   Docket no.  09-CR-9-P-S<br>DAVID WIDI,  )<br>  )<br>  Defendant.  ) | |

ORDER ON MOTION FOR RELIEF FROM MISJOINDER
AND PREJUDICIAL JOINDER

Before the Court is Defendant David Widi's Motion for Relief from Misjoinder and Prejudicial Joinder (Docket # 99) seeking a separate trial of the two counts in his Indictment. For the reasons stated below, Defendant's motion is DENIED.

I.     RELEVANT FACTS

A search revealed a number of firearms as well as a marijuana growing operation at what is allegedly Defendant David Widi's residence.  Defendant was then indicted on two counts. Count One alleges that he violated 18 U.S.C. § 922(g)(1) by possessing a firearm after being convicted of a felony offense.  The Indictment describes Defendant's prior felony conviction as "reckless conduct in violation of NHRSA 631:3 . . . judgment having been entered on December 15, 2004."  (Docket # 14.)  Count Two alleges that he manufactured marijuana in violation of 21 U.S.C. § 841(a)(1).[1]  The Defendant has pled not guilty to these charges and his case appears on the Court's March trial list.

---

[1] The Indictment also contains a forfeiture allegation, which is labeled as Count Three.  (Docket # 14.)

## II.     ANALYSIS

Defendant asserts that the two counts against him were misjoined or, in the alternative, that their joinder was prejudicial. Each of these contentions will be addressed in turn below.

### A.     Misjoinder

Federal Rule of Criminal Procedure 8(a) permits joinder of two offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." Defendant argues that the two counts against him are misjoined because there is no relation between a firearms count and a marijuana distribution count. The Government contends that the evidence relevant to both counts was seized at the same time, during the execution of a single search warrant. Moreover, the Government alleges that it has evidence showing that the Defendant regularly traded firearms for marijuana, thereby making the two offenses part of the same scheme.

The Court finds that there is no misjoinder in this case. The majority of the relevant evidence was obtained during the same search and is pertinent to both charges. See United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984) ("Two crimes are 'connected together' if the proof of one crime constitutes a substantial portion of the proof of another.") Additionally, there is a definite link between the production of marijuana and the need to protect oneself with firearms. See United States v. Marino, 658 F.2d 1120, 1123 (6th Cir. 1981) (firearms are commonly "tools of the trade" for sellers and manufacturers of illegal narcotics). Accordingly, the Court finds that there was no misjoinder in this case.

### B.     Prejudicial Joinder

Federal Rule of Criminal Procedure 14 provides the Court with the discretion to sever counts within an indictment if the failure to do so would prejudice the defendant. Defendant

contends that the joinder of the two charges against him is significantly prejudicial so as to warrant severance. Specifically, the Defendant argues that, because Count One charges him with being a felon in possession of a firearm, the Government will be allowed to offer proof of his prior felony conviction, where they would not ordinarily be allowed to do so. Defendant contends that the proof of his status as a convicted felon will taint the jury and affect his ability to get a fair trial on Count Two. The Government argues that the Defendant has failed to show adequate prejudice to overcome the burden of what would essentially amount to trying the same case twice.

In the First Circuit, it appears relatively settled that it is not an abuse of discretion to deny a motion to sever in similar circumstances.[2] In United States v. Boulanger, 444 F.3d 76 (1st Cir. 2006), the defendant posed the same argument advanced in this case, essentially contending that the jury would use the evidence of his prior felony conviction to infer that he had a criminal disposition to commit the other counts. The First Circuit held that it was not an abuse of discretion to deny the motion to sever because the defendant had shown "no prejudice beyond the type of 'standard fare that exists whenever counts involving discrete incidents are linked in a single indictment.'" Id. at 88 (quoting United States v. Taylor, 54 F.3d 967, 974 (1st Cir. 1995)).

Courts, including the First Circuit, have routinely held that severance is not required so long as the parties stipulate to the fact of the felony and the Court gives the jury appropriate limiting instructions. See, e.g., United States v. Stokes, 211 F.3d 1039, 1046 (7th Cir. 2000) (not abuse of discretion to deny severance where parties stipulated to the felony conviction and district court gave appropriate limiting instructions); United States v. VonWillie, 59 F.3d 922,

---

[2] At the February 3, 2010 conference of counsel, the Court notified the parties that it was not likely to grant the motion to sever and provided a number of cases supporting its preliminary ruling, most of which are cited herein. The Court then invited the parties to submit contrary authority and set a deadline of February 10, 2010 for doing so. As of February 12, 2010, the Court has not received any further submissions from the parties.

930 (9th Cir. 1995) (same). In this case, at a conference of counsel on February 3, 2010, defense counsel represented that he intended to enter into a stipulation (subject, of course, to his client's approval) whereby the Defendant would admit that he had been convicted of a crime punishable by more than one year—a so-called "Old Chief" stipulation. See Old Chief v. United States, 519 U.S. 172 (1997). Additionally, if so requested by the parties, the Court will give the jury a limiting instruction as to the purpose for which they can consider Defendant's prior felony conviction.[3] Based on the current posture of the case, the Court finds that Defendant has failed to show any prejudice beyond the standard fare associated with any trial involving multiple counts. See Boulanger, 444 F.3d at 88; see also United States v. Turner, 501 F.3d 59, 72 (1st Cir. 2007); United States v. Verrill, 104 F.3d 1408, 1416 (1st Cir. 1997).

Accordingly, the Court declines to exercise its discretion to sever the counts in the Indictment. The parties shall update the Court as soon as practicable regarding any finalized Old Chief stipulation. Alternatively, the parties shall notify the Court no later than February 23, 2010, if they are unable to reach agreement on such a stipulation.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Relief from Misjoinder and Prejudicial Joinder (Docket # 99) is DENIED. The Court will try both counts in the Indictment together to one jury, which will be chosen by the parties on March 1, 2010.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 12th day of February, 2010.

---

[3] As noted in Docket #113, the parties are to submit any proposed jury instructions by February 22, 2010.