UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>) Docket no. 09-CR-9-P-S<br>DAVID WIDI, )<br>)<br>Defendant. ) | |

**ORDER ON MOTIONS TO DISMISS**

Before the Court are Defendant's Motion to Dismiss Count III of the Superseding Indictment (Docket # 150) and Motion to Dismiss Due to Multiplicity (Docket # 151). For the reasons stated below, the Court DENIES Defendant's motions.

**I.    RELEVANT FACTS**

Based on the affidavit of Special Agent Paul McNeil, Magistrate Judge Rich issued a search warrant for Defendant David Widi's apartment, laptop computer, and two outbuildings located on the property. The warrant allowed the officers to search for firearms and ammunition, as well as evidence of marijuana growing and distributing.

The search warrant was executed on November 28, 2008. A criminal Complaint (Docket # 1) was filed in this Court on the day the warrant was executed. The Complaint alleged that Defendant had violated 18 U.S.C. § 922(g)(1) by possessing firearms after a felony conviction. The Complaint specifically listed four firearms: "(1) A Weatherby, Model Vanguard, .300 Magnum bolt-action rifle, bearing serial VS132045; (2) A Maaci Co., Unknown Model, 7.62x39 rifle, bearing serial number CM10576; (3) An Israeli Weapons Industry, Model Desert Eagle, .50 pistol, bearing serial number 36205719; and (4) A Davis Industries, Model D-32, .32 two-shot pistol, bearing serial number 200087." (Id.) The Complaint alleged that the first three firearms

were found in a gun safe, along with a large baggie of marijuana, over 1,000 rounds of ammunition, and empty gun magazines. (Id.) It alleged that the fourth firearm, the Davis Industries, Model D-32, .32 two-shot pistol, was found in the drawer of a nightstand located in the bedroom. (Id.)

On January 6, 2009, the Defendant was indicted for one count of possession of a firearm by a felon (Count One) and one count of manufacturing marijuana (Count Two) (Docket # 14).[1] Count One alleged that the Defendant violated 18 U.S.C. § 922(g)(1) by possessing the four firearms listed in the Complaint on or about November 28, 2008. Count Two alleged that Defendant violated 21 U.S.C. § 841(a)(1) by manufacturing marijuana.

On February 24, 2010, a Superseding Indictment (Docket # 137) was filed against the Defendant. Counts One and Two of the Superseding Indictment are identical to the original Indictment. Count Three of the Superseding Indictment charges that, on or about November 28, 2008, Defendant violated 18 U.S.C. § 922(g) by possessing ammunition, specifically: "(1) One hundred (100) rounds of Winchester, 9mm Luger ammunition, Headstamp 'WIN 9mm LUGER'; (2) One (1) round of Winchester Western, 32 caliber auto ammunition, Headstamp 'W-W 32 AUTO'; (3) One (1) round of Remington Peterson, 32 caliber auto ammunition, Headstamp 'R-P 32 AUTO'; and (4) Six (6) rounds of Speer, 50 caliber AE ammunition, Headstamp 'SPEER 50:AE.'" (Id. at 2.)

## II.  ANALYSIS

Defendant now moves to dismiss Count Three of the Superseding Indictment on two different grounds. His initial Motion to Dismiss (Docket # 150) argues that the Government's Superseding Indictment, filed approximately fifteen months after the initial criminal Complaint,

---

[1] A forfeiture allegation is denoted as Count Three of the Indictment but does not charge the Defendant with any crime.

violated the Speedy Trial Act, 18 U.S.C. § 3161(b). Defendant's second Motion to Dismiss (Docket # 151) argues that Counts One and Three of the Superseding Indictment are multiplicitous and therefore violate the Fifth Amendment's Double Jeopardy Clause. Each of these arguments will be addressed in turn below.

### A. Speedy Trial Act ("STA")

Defendant argues that the Superseding Indictment, filed nearly fifteen months after the criminal Complaint, violates his speedy trial rights. The STA provides, in pertinent part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Defendant was arrested on November 28, 2008. The Superseding Indictment was handed down on February 24, 2010. On this record, there is no question that more than thirty days passed between his arrest and being charged with unlawful possession of ammunition, as set forth in Count Three.

The Government asserts that § 3161(b) does not apply to this case because the initial Indictment was brought against the Defendant within the thirty-day deadline and the addition of Count Three does not implicate the STA. The Defendant acknowledges that the STA does not apply to superseding indictments that contain charges identical to the original indictment. See United States v. Mitchell, 723 F.2d 1040, 1044-45 (1st Cir. 1983) (refusing to apply the Speedy Trial Act when the only change between the original and superseding indictment was to list the actual names of the defendants rather than John and Jane Doe). The Defendant also acknowledges that the STA does not bar superseding indictments that bring charges completely separate from the acts for which the defendant was originally arrested. See United States v.

Orbino, 981 F.2d 1035, 1037 (9th Cir. 1992) (refusing to apply the STA when charges brought in superseding indictment were unrelated to the acts for which the defendant was initially arrested).

Although not yet recognized by the First Circuit, some courts have held that the STA bars a superseding indictment that neither sets out new offenses nor alleges identical offenses based on identical facts. See United States v. Giwa, 831 F.2d 538, 542 (5th Cir. 1987). Often referred to as a "gilded charge," the STA bars a superseding indictment that "merely annotates in more detail the same charge alleged in the initial accusatory instrument." United States v. Bailey, 111 F.3d 1229, 1236 (5th Cir. 1997). "When the later charge is merely a part of or only 'gilds' the initial charge, the subsequent charge is subject to the same Speedy Trial Act limitations imposed on the earlier indictment." United States v. Andrews, 790 F.2d 803, 809 (10th Cir. 1986).

Having reviewed the murky case law on what constitutes a gilded charge, the Court is not convinced that the principle is applicable here. Rather, the Court finds compelling the Ninth Circuit's rationale in United States v. Carrasco, 257 F.3d 1045 (9th Cir. 2001). There, the criminal complaint stated that the defendant had been found in possession of a firearm and ammunition. However, the original indictment charged the defendant with one count of violating § 922(g)(1) by possessing only a firearm. The superseding indictment differed in that it charged the defendant with possession of both the firearm and ammunition. The Court held that the addition of the ammunition in the superseding complaint did not violate the STA because it was only a factual allegation supporting a charge. Id. at 1052. Because the Government had timely filed the original indictment, and the superseding indictment pursued the same charge as brought in the initial indictment, there was no violation. Id.

In this case, Defendant is charged with the same crime—violating 18 U.S.C. § 922(g)(1)—in both the Count One of the Indictment and Counts One and Three of the

4

Superseding Indictment. The only difference between Counts One and Three is the type of prohibited object the Defendant is accused of possessing. However, the type of prohibited object, whether it is a firearm or ammunition, is not an element of the offense. See United States v. Verrecchia, 196 F.3d 294, 301 (1st Cir. 1999) ("possession of a particular firearm is not an element."). Thus, the Superseding Indictment merely adds facts to the charge set forth in the original Indictment; it does not alter the crime charged or the elements necessary to prove that crime. The Court concludes that, as in Carrasco, the filing of the original Indictment tolled the STA's thirty-day deadline and, therefore, the Superseding Indictment was timely. Defendant's Motion to Dismiss Count Three of the Superseding Indictment (Docket # 150) based on the Speedy Trial Act is DENIED.

### B. Multiplicity

In his second Motion to Dismiss, Defendant argues that Count Three of the Superseding Indictment should be dismissed based on multiplicity. Multiplicity is charging the same offense in two or more counts of an indictment or information. See United States v. Lilly, 983 F.3d 300, 302 (1st Cir. 1992) (citing United States v. Serino, 835 F.2d 924, 930 (1st Cir. 1987)). The danger of multiplicity is that the jury may believe the defendant has committed more criminal acts and may reach a compromise verdict on what is really only one crime. See United States v. Smith, 231 F.3d 800, 815 (11th Cir. 2000).

In this case, Count One of the Superseding Indictment charges Defendant with violating 18 U.S.C. § 922(g)(1) on November 28, 2008 by possessing four firearms after having been convicted of a felony offense. Count Three charges Defendant with violating 18 U.S.C. § 922(g)(1) on November 28, 2008 by possessing four types of ammunition after having been convicted of a felony offense.

The Government argues that the Superseding Indictment is not multiplicitous because "[e]ach count specifically requires proof of elements different from one another. Count I requires proof that Defendant possessed at least one of the firearms listed in the indictment, while Count III requires proof that Defendant possessed at least one round of ammunition listed in the indictment." (Gov't Resp. (Docket # 153) at 2.) However, the type of prohibited object is not an element of the offense. Verrecchia, 196 F.3d at 301. The First Circuit has held that "the simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime." Id. at 297 (noting that all circuits are in agreement that only one crime is committed regardless of the number of firearms and/or amount of ammunition).

The Government also argues that the counts are not multiplicitous because the ammunition was not all located in the same place as the firearms. This appears to be an attempt to shoehorn the facts of this case into the exception that allows multiple § 922(g)(1) counts when firearms are located in different places or discovered at different times. See United States v. Grant, 114 F.3d 323, 329 (1st Cir. 1997) (two felon-in-possession counts were not multiplicitous when firearms were seized during separate searches in completely different cities on the same day). However, in this case, the charged firearms and ammunition were all seized from the Defendant's apartment during a single search. That some of the firearms and/or ammunition may have been stored separately in a different part of the apartment does not provide justification for charging the Defendant twice with the same crime. See United States v. Dunford, 148 F.3d 385, 390 (4th Cir. 1998) (finding one violation of 18 U.S.C. § 922(g) when six firearms and ammunition was seized at the same time from one residence); United States v. Carrasco, 257 F.3d 1045, 1052 (9th Cir. 2001) (holding that the Government cannot charge a defendant with

multiple § 922(g)(1) counts for firearms and ammunition discovered at the same time in the same place).

"Substantial precedent . . . supports the view that the simultaneous possession of a firearm and ammunition should be punished as one offense." United States v. Hall, 77 F.3d 398, 402 (11th Cir. 1996) (abrogated on other grounds by Begay v. United States, 128 S.Ct. 1581 (2008)); see also United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992) (multiple convictions and sentences for simultaneous possession of firearms and ammunition not allowed); United States v. Pelusio, 725 F.2d 161, 168 (2nd Cir. 1983) (receipt of gun and ammunition in violation of 18 U.S.C. § 922(h) are not separate crimes unless they are received on separate occasions).

Because Counts One and Three of the Superseding Indictment charge Defendant with the same crime and involve firearms and ammunition seized from the same location on a single day, those counts are multiplicitious. Having concluded that the Superseding Indictment is multiplicitious, the question becomes one of remedy. Defendant asks the Court to dismiss Count Three arguing that the Court should dismiss the count that causes the multiplicity.

A finding of multiplicity is not fatal to an indictment. See United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981). Rather, when a multiplicity is discovered prior to trial, the Court has discretion to either require the Government to elect on which count it will proceed or to allow both counts to proceed to trial and dismiss one prior to sentencing. See United States v. Phillips, 962 F. Supp. 200, 201-02 (D.D.C. 1997); see also United States v. Bobo, No. CRA 1:06cr0172-02 TW, 2007 WL 962978, *4 (N.D. Ga. Feb. 20, 2007) ("multiplicity in an indictment does not require the entire indictment to be dismissed; instead, the appropriate remedy for multiplicity calls for consolidating a multiplicitous charge into one count, or issuing special instructions to the jury.") Additionally, the Government can seek a superseding

7

indictment that cures the multiplicity. See United States v. Thurman, No. 03:06-CR-00169-LRH-RAM, 2007 WL 4522616, *2 (D. Nev. Dec. 18, 2007).

In this case, Defendant has argued only that multiplicitous indictments violate the Fifth Amendment's Double Jeopardy clause. However, Double Jeopardy is not implicated until a defendant faces sentencing on multiplicitous convictions. See United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005). If necessary, the Court can take steps prior to sentencing to ensure that the Defendant's Fifth Amendment rights are not violated.

Defendant has failed to show how he would be prejudiced if the Government is permitted to pursue both Counts One and Three at trial. Accordingly, the Court will allow both Counts One and Three of the Superseding Indictment to proceed to trial. See United States v. Martinez, 599 F. Supp. 2d 784, 794 (W.D. Tex. 2009) (refusing to require election of counts when the defendant has made no effort to show prejudice arising from a multiplicitous indictment). The parties are free to submit jury instructions and/or a verdict form that minimize the potential prejudice to Defendant resulting from the multiplicity in the Superseding Indictment. See United States v. Roy, 408 F.3d 484, 591 (8th Cir. 2005) (holding multiplicitous indictment may be cured by appropriate instructions and/or verdict form); United States v. Moore, 149 F.3d 773, 779 (8th Cir. 1998) (finding no error where verdict form did not allow the jury to convict on both multiplicitous counts).

## III.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count Three (Docket # 150) is DENIED.  Defendant's Motion to Dismiss Indictment Due to Multiplicity (Docket # 151) is DENIED without prejudice to the Court revisiting the issue at sentencing.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 19th day of March, 2010.