## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket no. 09-CR-9-P-S |
| ) | |
| DAVID WIDI, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant's First Motion to Dismiss Count One of the Second Superseding Indictment (Docket # 186) alleging that it is duplicitous because it charges firearms and ammunition found inside a gun safe in the same count as firearms and ammunition found elsewhere in his apartment.

"Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Martinez Canas, 595 F.2d 73, 78 (1st Cir. 1979). "The prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995). Defendant argues that the Second Superseding Indictment is duplicitous because it charges the firearms and ammunition found in the gun safe in the same count as those found elsewhere in the apartment.

There is no dispute that all of the firearms and ammunition charged in Count One were seized on the same day during a single search of the Defendant's apartment. The First Circuit has held "that the simultaneous possession by a felon of multiple firearms, that is possession of multiple firearms in one place at one time, is only one violation of § 922(g)(1)." United States v. Verrecchia, 196 F.3d 296, 298 (1st Cir. 1999). The First Circuit has not addressed whether

firearms found in different locations in the same residence were found "in one place." See United States v. Leahy, 473 F.3d 401, 410 (1st Cir. 2007) (noting that Verrecchia is "tenebrous" as to whether firearms found in different locations should be charged separately). However, other circuits have held that firearms and ammunition seized from different parts of the same residence constitute only one § 922(g) offense. See, e.g., United States v. Dunford, 148 F.3d 385, 390 (4th Cir. 1998) (firearms and ammunition found in three different bedrooms were single offense); United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992) (defendant could be sentenced on only one § 922(g) count for simultaneous possession of firearms found in jacket and car); United States v. Grinkiewicz, 873 F.2d 253, 255 (11th Cir. 1989) (firearms seized from different parts of business were single offense). In this case, the Court finds that the firearms and ammunition charged in Count One of the Second Superseding Indictment were found in close enough proximity so as to constitute a single § 922(g) offense.

Additionally, the Defendant argues that the firearms and ammunition found in the gun safe should have been charged separately from the others because they implicate a different element of the offense. With respect to the firearms and ammunition found in the gun safe, the critical issue will be whether the Defendant exercised dominion and control. As to those found outside of the safe, the issue will be whether Defendant had knowledge. The Defendant argues that the charging of these firearms and ammunition together is prejudicial because "[t]he jury could return a general guilty verdict and the parties would never know whether there was unanimity on the issue of Mr. Widi's knowledge of the gun in the nightstand or his ability to exercise dominion and control over the guns in the safe." (Def.'s Mot. to Dismiss (Docket # 186), at 3.) However, a jury need not be unanimous as to the particular firearm that they believe Defendant possessed. United States v. Verrecchia, 196 F.3d 294, 301 (1st Cir. 1999); see also

Leahy, 473 F.3d at 409-10 (stating that "there is no need for unanimity within the relevant unit of prosecution, that is, with respect to weapons possessed 'in one place at one time'") (quoting Verrecchia). Accordingly, there is no risk of prejudice to the Defendant by having the multiple firearms and ammunition charged in a single count.

For the reasons stated above, Defendant's Motion to Dismiss Count One (Docket # 186) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 14th day of April, 2010.