UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID WIDI,                          )
                                     )
            Petitioner,              )
                                     )
      v.                             )      2:09-cr-00009-GZS
                                     )      2:14-cv-00015-GZS
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Respondent               )


## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION and MOTION TO CERTIFY QUESTION

In this action, Petitioner David Widi moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 369.) Petitioner also moves to certify a question to the New Hampshire Supreme Court regarding the interpretation of a state statute. (Motion, ECF No. 395.)[1]

Following a jury trial, Petitioner was convicted of possession of firearms and ammunition by a felon, and of manufacturing marijuana; the Court sentenced Petitioner to 108 months in prison, to be followed by three years of supervised release.[2] The First Circuit affirmed the conviction and sentence on appeal. *United States v. Widi,* 684 F.3d 216

---

[1] References below to "motion" are to Petitioner's 28 U.S.C. § 2255 motion (ECF No. 369) unless otherwise indicated. Petitioner's supplemental claim is also addressed below as part of the section 2255 motion. (Motion for Leave to Amend, ECF No. 392; Supplemental Claim, ECF No. 392-1; Order, ECF No. 394.)

[2] Petitioner completed his prison term, and he is currently serving the supervised release term of the sentence; the Court recently granted Petitioner's motion to modify the release conditions. (Order, ECF No. 471.)

(1st Cir. 2012).  The Government requests summary dismissal of the section 2255 motion. (Response, ECF No. 422 at 1.)

Following a review of Petitioner's motions and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss both the section 2255 motion and the motion to certify a question of state law to the New Hampshire Supreme Court.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of possession of firearms and ammunition by a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1); and manufacturing marijuana, 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 2).[3]  (Judgment, ECF No. 258 at 1.)  The Court sentenced Petitioner to prison terms of 108 months on Count 1, and 60 months on Count 2, with the terms to be served concurrently, to be followed by terms of three years of supervised release on each of the counts, with the terms to be served concurrently. (*Id.* at 2-3.)

On January 7, 2013, following Petitioner's unsuccessful appeal, the Supreme Court denied Petitioner's petition for a writ of certiorari.  *Widi v. United States*, 133 S. Ct. 893 (2013).

In April 2013, Petitioner filed a motion for a new trial in which motion he argued that there was no valid predicate felony, and that a *Franks* hearing was justified based on new evidence.  (Motion to Vacate Conviction and Order a New Trial, ECF No. 332.)  The

---

[3] Earlier procedural history is discussed below where relevant to Petitioner's section 2255 claims.

Court denied the motion. (Order on Defendant's Motion to Vacate Conviction, ECF No. 341 at 1.) The First Circuit affirmed. (*United States v. Widi*, Nos. 13-2089, 13-2442 (1st Cir. Apr. 23, 2015) ("We have carefully reviewed the parties' briefs and relevant portions of the record, and we conclude for substantially the same reasons as the district court that a new trial was not in order.").) The Supreme Court denied certiorari. *Widi v. United States*, No. 15-6202 (U.S. Apr. 23, 2015).

Petitioner asserts that he placed his section 2255 motion in the prison mailing system on January 6, 2014. (Motion at 45.) The Government does not dispute the timeliness of the motion.[4] (Response at 2 n.2.) Upon Petitioner's motions, the action was stayed, and the stay was extended to December 2015. (Motions to Stay, ECF Nos. 371, 376, 380; Orders, ECF Nos. 372, 378, 389.)

Petitioner's section 2255 motion asserts 26 numbered grounds. In December 2015, the Court granted Petitioner's motion for leave to amend or supplement his section 2255 motion to add an additional ground. (Motion for Leave to Amend, ECF No. 392; Supplemental Claim, ECF No. 392-1; Order, ECF No. 394.)

In the same month, Petitioner also filed a motion to certify a question to the New Hampshire Supreme Court regarding the interpretation of a New Hampshire statute. (Motion to Certify, ECF No. 395.) In January 2016, the Government filed a response to the motion to certify a question to the New Hampshire Supreme Court (Response, ECF

---

[4] *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final.")

No. 396), and in June 2016, the Government filed a combined response to the section 2255 motion, the supplemental claim, and the motion to certify.  (Response, ECF No. 422.)[5]

Upon Petitioner's motion, the Court stayed the case pending the First Circuit's decision on Petitioner's appeal of the denial of Petitioner's request for counsel.  (Motion to Stay, ECF No. 431; Orders, ECF Nos. 434, 435.)  The First Circuit dismissed the appeal as interlocutory.  (*Widi v. United States*, No. 16-1557 (1st Cir. Nov. 14, 2016).)  Petitioner then filed a motion for leave to conduct discovery; the Court denied the motion.  (Motion for Leave to Conduct Discovery, ECF No. 439; Order, ECF No. 448.)

In May 2017, Petitioner filed a reply in support of his section 2255 motion.  (Reply, ECF No. 451.)

## II.  DISCUSSION

### A.  Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).  "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."  *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quotation marks omitted).

---

[5] References below to the Government's response are to ECF No. 422 unless otherwise indicated.

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002). When a petitioner raises a claim "for the first time on habeas, he must show both 'cause' that excuses the procedural default and 'actual prejudice' resulting from the alleged error." *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Alternatively, a petitioner may demonstrate actual innocence as a basis for habeas relief. *Bousley*, 523 U.S. at 622. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance of counsel are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

A petitioner must establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). "[A] habeas petitioner is not

automatically entitled to a hearing and normally should not receive one if his allegations are 'vague, conclusory, or palpably incredible.'" *David,* 134 F.3d at 478 (quoting *Machibroda v. United States,* 368 U.S. 487, 495 (1962)).  The First Circuit has held that a Petitioner who "fails to reasonably substantiate his ineffective assistance of counsel claim with any material issues of fact . . . has not 'overcome the presumption of regularity which the record . . . imports . . . .'" *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (quoting *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

### B. Claims and Analysis

#### 1. Detention during search (Ground 1)

Petitioner alleges that he was illegally detained during the execution of a search warrant at his home.   (Motion at 4; Attachment, ECF No. 369-1 at 2.)  Petitioner argues that *Bailey v. United States*, 568 U.S. 186 (2013), which was decided after the First Circuit's 2012 decision on Petitioner's appeal, provides new grounds for relief.[6]

---

[6] In *Bailey v. United States*, 568 U.S. 186 (2013), the Court addressed an exception to the requirement that to be "reasonable" under the Fourth Amendment, a seizure must be based on probable cause that the person involved committed a crime. 586 U.S. at 192.  "In [*Michigan v. Summers*, 452 U.S. 692 (1981)], the Court defined an important category of cases in which detention is allowed without probable cause to arrest for a crime.  Based on the decision, officers executing a search warrant are permitted 'to detain the occupants of the premises while a proper search is conducted.'"  *Id.* at 193 (quoting *Summers*, 452 U.S. at 705).  "In *Summers* and later cases, the occupants detained were found within or immediately outside a residence at the moment the police officers executed the search warrant."  *Id.*  In *Bailey*, on the other hand, the "petitioner left the apartment before the search began; and the police officers waited to detain him until he was almost a mile away.  The issue is whether the reasoning in *Summers* can justify detentions beyond the immediate

(Attachment at 3-4.)  In support of his argument, Petitioner refers to the Court's decision on a motion to dismiss a civil case in which Petitioner alleged constitutional torts related to his criminal conviction.  (*Widi v. McNeil*, No. 2:12-cv-00188-JAW, Order Denying Plaintiff's Motion to Stay; Denying Plaintiff's Motion to Strike; and Granting Defendant McNeil's Motion to Dismiss, ECF No. 170.)  In its decision, the Court assumed, without deciding, that Petitioner's detention at a location away from his home would have violated *Bailey* had the search occurred after *Bailey* was decided.  (*Id.* at 17.)[7]

Petitioner, however, cannot rely on *Bailey* for relief in this case because "the Supreme Court has not held that *Bailey* applies retroactively to cases on collateral review. 'Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'"  *Reed v. Matevousian*, No. 1:15-cv-01019-SKO HC, 2016 WL 7374586, at *9, 2016 U.S. Dist. Lexis 176074, at *25 (E.D. Cal. Dec. 19, 2016) (quoting *Teague v. Lane*, 489 U.S. 288, 310 (1989)); *Pinion v. United States*, Nos. 7:09-CR-19-FL-1, 7:13-CV-284-FL, 2017 WL 2266853, at *3, 2017 U.S. Dist. Lexis 77800, at

---

vicinity of the premises being searched."  *Id.* at 194.  In *Bailey*, the Court held it did not.  *Id.* at 194-99.  "Detentions incident to the execution of a search warrant are reasonable under the Fourth Amendment because the limited intrusion on personal liberty is outweighed by the special law enforcement interests at stake.  Once an individual has left the immediate vicinity of a premises to be searched, however, detentions must be justified by some other rationale."  *Id.* at 202.

[7] In Petitioner's civil case, the Court held in part that one of the defendants was entitled to qualified immunity because "[a] reasonable police officer could have believed that [the defendant's] detention of Mr. Widi while police executed a search warrant of his dwelling was permissible under *Summers*," i.e., under the law in effect at the time of the detention.  (*Widi v. McNeil*, No. 2:12-cv-00188-JAW, Order Denying Plaintiff's Motion to Stay; Denying Plaintiff's Motion to Strike; and Granting Defendant McNeil's Motion to Dismiss, ECF No. 170 at 19.)

*6 (E.D. N.C. May 23, 2017) (holding, for purposes of an issue of timeliness under 28 U.S.C. § 2255(f)(3), that *Bailey* involved a limitation on the Supreme Court's holding in *Summers*, rather than a newly recognized right). Because *Bailey* does not apply retroactively, Petitioner is not entitled to relief based on *Bailey*.

Petitioner's claim is otherwise procedurally defaulted. *See Berthoff*, 308 F.3d at 127-28. On appeal, Petitioner did not raise the legality of his detention during the search as an issue.[8] *United States v. Widi*, 686 F. Supp. 2d 107, 112 (D. Me. 2010). Specifically, the Court concluded that although Petitioner was in custody for purposes of the Fourth Amendment, he had not been wrongfully detained. *Id.* at 112. "The Court does not question the officers' right to detain the Defendant while they were executing the warrant. However, the fact that a detention is permissible under the Fourth Amendment does not make the detention any less custodial for Miranda purposes." *Id.* (citing *Summers*, 452 U.S. at 705).

Petitioner's claim of ineffective assistance also fails because counsel successfully argued that Petitioner was under a de facto arrest when he made the pre-*Miranda* statements, and Petitioner obtained a favorable result on the suppression motion as to the pre-*Miranda* statements. *Id.* at 112-13. (Motion to Suppress, ECF No. 92 at 3.) Counsel's performance thus was not substandard, and Petitioner was not prejudiced. *See Strickland*,

---

[8]The Court granted in part and denied in part the motion to suppress. *United States v. Widi*, 686 F. Supp. 2d 107, 109 (D. Me. 2010). Although the Court granted the motion to the extent it concerned statements Petitioner made in response to questions before officers provided the Miranda warning, the Court denied the motion to the extent it concerned Petitioner's post-Miranda statements. *Id.* at 113, 114.

466 U.S. at 688, 694. Furthermore, Petitioner presents no evidence of actual innocence. *See Berthoff*, 308 F.3d at 127-28.

## 2. *Miranda* (Ground 2)

Petitioner alleges counsel's performance was ineffective because counsel failed to argue in the motion to suppress that Petitioner repeatedly requested an attorney and was not provided one. (Motion at 5; Attachment, ECF No. 369-1 at 5.)

First, the issue as to whether Petitioner was denied his right to counsel is procedurally defaulted because Petitioner did not argue in his motion to suppress that Petitioner had requested counsel and was denied. (Motion to Suppress, ECF No. 92; Supplemental Motion to Suppress, ECF No. 117.)

In addition, regarding the pre-Miranda statements, the Court noted that Petitioner "succeeded in suppressing evidence seized from his vehicle and pre-*Miranda* statements made in response to questioning . . . ." *Widi*, 684 F.3d at 221. Because the motion was successful as to the pre-*Miranda* statements, Petitioner's ineffective assistance claim fails both prongs of the *Strickland* test, to the extent he asserts a claim regarding the pre-*Miranda* statements.

As to the post-*Miranda* statements, Petitioner argues essentially that his waiver of *Miranda* rights was not voluntary because law enforcement did not honor his request for counsel, and that the setting was coercive given his mental condition. (Attachment at 9-10.) At the suppression hearing, officers testified that in their presence, Petitioner received the *Miranda* warning and waived his *Miranda* rights. (Suppression Tr., ECF No. 155 at 75, 113.) He then told the officers the safe found inside the home belonged to a friend, and

there was a firearm in the safe.  (*Id.* at 76, 113.)  At some point, Petitioner began crying and, using an expletive, made an allegedly incriminating statement. (*Id.* at 76, 114.)  The statement, however, was not in response to a question.[9]  (*Id.* at 103.)  At Petitioner's request, he consulted with his grandmother by telephone about whether he should give the police the combination to the safe; after the conversation with his grandmother, he told officers he would not provide the combination.  (*Id.* at 115-17.)  Petitioner was then transported to the Eliot Police Department, where he was booked, and where he asked to speak with his attorney; he was permitted to do so, and he had a telephone conversation, in the presence of other persons, with his attorney.[10]  (*Id.* at 118-20.)  The attorney spoke with the officer and told the officer Petitioner had invoked his *Miranda* rights and would not answer further questions.  (*Id.* at 122.)

At trial, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) testified that Petitioner told him that he lived alone in the apartment, that

---

[9] The Court noted that its suppression ruling "applies only to statements made by the Defendant in response to questioning by the officers.  Any inculpatory acts and/or statements that were not made in response to questioning are not subject to this ruling."  *Widi*, 686 F. Supp. 2d at 113; *see United States v. Conley*, 156 F.3d 78, 83 (1st Cir. 1998) (noting that "[*Edwards v. Arizona*, 451 U.S. 477 (1981),] does not bar the introduction into evidence of spontaneous utterances merely because the utterances occur subsequent to the accused's invocation of his right to counsel").

[10] This Court noted in its order on the motion to suppress:

> The Court's instant order does not address any issue related to conversations with legal counsel that occurred in the booking room at the Eliot Police Department because such conversations were not addressed in either Defendant's Motion to Suppress or in his Supplemental Motion to Suppress.  At the Court's hearing on February 22, 2010, defense counsel indicated that he may file a motion in limine addressing the admissibility of these conversations.  If such motion is filed, the Court will address the issue at that time.

*Widi*, 686 F. Supp. 2d at 110 n.1.  The Court denied Petitioner's motion in limine to exclude attorney-client communication.  (Motion, ECF No. 160; Order, ECF No. 175.)

he would not give the agent the combination to the safe, that the safe belonged to a friend and did not belong to Petitioner. (Trial Tr., ECF No. 235 at 41-44.)

Given that post-*Miranda*, Petitioner actually asserted his right to counsel, spoke with his counsel, and declined to provide any further information, Petitioner's contention that his post-*Miranda* statements were coerced or involuntary would have been unpersuasive. (Suppression Tr. at 115-17.) Petitioner has simply not overcome the presumption that counsel's decision not to pursue a voluntariness argument was reasonable. *See Strickland*, 466 U.S. at 689.

Furthermore, officers testified at the suppression hearing that Petitioner waived his *Miranda* rights, and there is no evidence, other than Petitioner's allegations, to the contrary.[11] (Suppression Tr. at 75, 113.) Petitioner's allegations alone do not entitle him to an evidentiary hearing. *See David*, 134 F.3d at 478. Finally, Petitioner cannot demonstrate prejudice, due to the evidence of guilt independent of his post-*Miranda* statements. *Widi*, 684 F.3d at 223.

### 3. Predicate conviction (Grounds 3, 4, 5, 6, and Motion to Certify)

Petitioner alleges counsel provided ineffective assistance based on counsel's failure to challenge on a number of grounds the prior New Hampshire state felony conviction that

---

[11] Petitioner contends he was prejudiced because he was not permitted to attend the hearing. (Attachment, ECF No. 369-1 at 44.) Petitioner was in fact present at the hearing. (Suppression Tr., ECF No. 155 at 3.) At the end of the evidentiary hearing, the Court decided to consider the parties' oral arguments later that day in chambers. The Court explained that Petitioner was not entitled to be present for the chambers discussion. (*Id.* at 132.) Petitioner, therefore, was present during the hearing when all of the evidence upon which Petitioner relied in support of the motion to suppress was presented.

established Petitioner was a felon for purposes of the federal felon-in-possession charge.[12] (Motion at 7-11; Attachment, ECF No. 369-1 at 12-26.) Petitioner argues that, pursuant to 18 U.S.C. § 921(a)(20), his rights had been restored following the prior conviction, and therefore he was not a felon when he possessed the firearms.[13] (Motion at 8; Attachment at 18-20; Motion to Certify, ECF No. 395.) Petitioner contends that law enforcement removed from his apartment, and illegally failed to return to him, a "Two Thirds Release Form" that he maintains would have shown it was legal for him to possess firearms; he also asserts a related due process claim.[14] (Motion at 10; Attachment at 24; Two Thirds Release Form, Attachment to Motion for New Trial, ECF No. 332-1.) Petitioner alleges the prior conviction was a misdemeanor, and counsel failed to argue it did not qualify as a

---

[12]Title 18 U.S.C. § 922(g)(1) provides in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition.

[13]In *United States v. Estrella*, 104 F.3d 3 (1st Cir. 1997), the First Circuit noted that 18 U.S.C. § 921(a)(20) "excepts from the definition of conviction" the following:

> [a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

104 F.3d at 5 (quoting section 921(a)(20)).

[14] Petitioner's due process argument is that the "Two Thirds Release Form" (Attachment to Motion for New Trial, ECF No. 332-1), did not provide notice that his rights were not fully restored. (Attachment, ECF No. 369-1 at 23.) Petitioner's section 2255 allegation, that he had the form and relied on it in the belief he could possess firearms (*id.* at 23-24), is inconsistent with his representation in the motion for new trial that he was unaware of the document before trial (ECF No. 332 at 4). In addition, the due process argument fails on the merits because the document did not inform him that his rights were fully restored; rather, it stated his right to vote and hold public office were restored, and he was subject to "no other disability by virtue of [his] conviction and sentence except as otherwise provided by this RSA." (ECF No. 332-1.) The certificate thus did not "purport[] to restore all civil rights." *United States v. Sullivan*, 98 F.3d 686, 689 (1st Cir. 1996).

predicate for purposes of the felon-in-possession charge. (*Id.* at 12.) He also argues he has the right to possess arms under the Second, Ninth, and Tenth Amendments. (Motion at 11; Attachment at 25.)

Petitioner unsuccessfully argued the prior conviction was a misdemeanor. *Widi*, 684 F.3d at 224 (noting the argument in Petitioner's pro se brief on appeal, and concluding, following the Court's own review, that Petitioner's stipulation to the prior felony "was appropriate"). The underlying issue is thus precluded from collateral review, and the ineffective assistance claim also fails. *See Singleton*, 26 F.3d at 240; *Tse*, 290 F.3d at 465.

The First Circuit also addressed Petitioner's argument regarding the restoration of his civil rights following the prior conviction. (*Widi*, Nos. 13-2089, 13-2442 (1st Cir. Apr. 23, 2015). The First Circuit affirmed this Court's determination that although Petitioner's civil rights had been partially restored, his right to serve as a juror was not yet restored when he committed the felon-in-possession offense in 2008, and, therefore, the evidence was not likely to lead to an acquittal. (*Id.*; Order, ECF No. 341 at 5, 8-11) (citing, *inter alia*, *United States v. Estrella*, 104 F.3d 3, 5-6 (1st Cir. 1997) (holding that to qualify as a post-conviction restoration under section 921(a)(20), the rights to vote, to hold public office, and to serve on a jury must all be restored)).[15]

---

[15] This Court made the determination on Petitioner's motion for new trial. The First Circuit's decision on the appeal of Petitioner's motion for a new trial was issued after, in another case, it had certified the following question to the New Hampshire Supreme Court, and after the state court responded affirmatively:

> Under sections 500–A:7–a(V) and 651:5 of the New Hampshire Revised Statutes and the undisputed facts of this case, is a felon whose conviction is eligible for annulment (that is,

Because the restoration-of-rights issue has been rejected as a matter of law on the merits, the claim is precluded from collateral review, and the due process and ineffective assistance claims also fail.[16]  *See Singleton*, 26 F.3d at 240; *Tse*, 290 F.3d at 465.  For the same reason, there is no basis on which to certify a question to the New Hampshire Supreme Court.

### 4.  Speedy Trial Act (Grounds 7, 8, 9)

Petitioner alleges his rights under the Speedy Trial Act, 18 U.S.C. § 3161(b), were violated as to both the original and superseding indictments, and he asserts related claims of ineffective assistance.[17]  (Motion at 13-14; Attachment, ECF No. 369-1 at 27, 31.)  In addition, Petitioner alleges counsel unnecessarily delayed the trial, in violation of section 3161(c)(1) and the Sixth Amendment, in part by counsel's alleged failure adequately to challenge the continuance ordered, at the Government's request, for the competency examination.[18]  (Motion at 16; Attachment at 39.)

_____

not categorically disqualified from jury service) but who has not applied for or received an annulment of that conviction qualified to sit as a juror?

*United States v. Howe*, 736 F.3d 1, 5 (1st Cir. 2013) (certifying question); *United States v. Howe*, 167 N.H. 143, 106 A.3d 425 (2014) (responding affirmatively to certified question).

[16] Petitioner's Second, Ninth, and Tenth Amendment arguments are procedurally defaulted and fail on the merits.  *See United States v. Torres-Rosario*, 658 F.3d 110 (1st Cir. 2011) (rejecting argument that 18 U.S.C. § 922(g)(1) "is an unconstitutional exercise of Congress's authority" when predicate crimes were for serious drug offenses) (*citing District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, --- U.S. ---, 130 S. Ct. 3020 (2010)).  Because the underlying arguments lack merit, the ineffective assistance claim also fails.  *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

[17] Title 18 U.S.C. § 3161(b) provides in relevant part:  "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

[18] Title 18 U.S.C. § 3161(c)(1) provides in relevant part:

14

On the original indictment, the First Circuit noted on appeal: "Widi correctly asserts that the original indictment was outside [the Speedy Trial Act] limit by a week or so; although one or another possible exception may have applied." *Widi*, 684 F.3d at 224-25 (footnote omitted). The Court held that Petitioner waived his right to challenge the original indictment because he did not do so before trial. *Id.*

Regardless of whether Petitioner might have had a meritorious claim of a violation under section 3161(b), the Speedy Trial Act provides in part:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1). Because Petitioner's offense was serious, and because the approximately one-week delay between his arrest and the original indictment was relatively brief, Petitioner cannot demonstrate a reasonable probability that the original indictment would have been dismissed with prejudice pursuant to section 3162(a)(1), had counsel sought dismissal. The claim, therefore, fails both prongs of the *Strickland* test. 466 U.S. at 689, 694.

Petitioner also asserts an ineffective assistance claim regarding the application of the Speedy Trial Act to the superseding indictment. (Motion at 14.) The First Circuit

---

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

rejected the underlying argument on appeal. *Widi*, 684 F.3d at 225. "[S]ection 3161(b) is concerned with a timely *original* indictment and not superseding indictments . . . . While adding new facts or new counts can always raise issues of notice or delay in trial, these problems are dealt with by other rules and precedents." *Id.* (citation omitted) (emphasis in original). Because the Court rejected the underlying argument, Petitioner's related ineffective assistance claim also fails. *See Tse*, 290 F.3d at 465.[19]

Petitioner further alleges that counsel contravened Petitioner's express wishes when counsel waived Petitioner's Speedy Trial Act rights under section 3161(c)(1) in conjunction with motions to continue. (Motion at 16; Attachment, ECF No. 369-1 at 39-40.) Petitioner alleges that "[m]uch of the delay was attributable to Counsel's motion practice and multiple unnecessary continuances." (Attachment at 39.)

The record does not support Petitioner's contentions. Petitioner references a letter, dated December 28, 2009, to counsel regarding pre-trial motions to support his argument. (Attachment, ECF No. 369-1 at 41.) In the letter, Petitioner lists the motions he believes counsel should file, and states: "I have asserted my rights to a timely trial." (Attachment, ECF No. 369-14 at 1-2.)

Counsel responded by letter dated January 6, 2010:

---

[19] In Ground 8, in addition to asserting Speedy Trial Act violations, Petitioner alleges the Government brought a superseding indictment "to overcome Mr. Widi's defenses." (Motion at 14; Attachment, ECF No. 369-1 at 33, 37.) As Petitioner acknowledges in his section 2255 motion, he made the same argument in his supplemental brief on appeal. (Attachment, ECF No. 369-1 at 33; Attachment to Response, ECF No. 422-3 at 24.) The First Circuit rejected the argument summarily: "Widi's remaining arguments include other claims of error . . . but the arguments not specifically discussed herein are unpersuasive and warrant no further discussion." *United States v. Widi*, 684 F.3d 216, 226 (1st Cir. 2012). Collateral review of the claim is therefore precluded. *See Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994). Because the claim failed on the merits on direct appeal, the related ineffective assistance claim also fails. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

> I have not reviewed the docket record for information about the speedy trial clock. If you have some idea about how many days have passed that count towards the speedy trial period, and that the number of days exceeds 70, let me know. Keep in mind that every time the case is continued or an extension of time is granted, the speedy trial period is tolled.

(Attachment, ECF No. 369-15 at 3.)

By letter dated January 9, 2010, Petitioner informed counsel that he did not understand how to calculate the speedy trial clock time, and informed counsel he would need counsel's assistance. (Attachment, ECF No. 369-25 at 2.) Petitioner also requested that counsel raise a number of pre-trial issues, and Petitioner concludes the letter by requesting counsel file a motion to continue "so that we can have some time to regroup." (*Id.* at 3.)

On January 20, 2010, counsel filed an unopposed motion to continue a hearing scheduled for the following day on Petitioner's motion to suppress; in the motion to continue, counsel represented to the Court that Petitioner had asked counsel on January 20, i.e., the date on which counsel filed the motion to continue, to withdraw from representing Petitioner. (Motion, ECF No. 104.) The record thus reflects that Petitioner requested the continuance.[20]

In short, a review of the record reveals that any delay in the trial due to the parties' requests for continuances was not the result of counsel's substandard performance. Petitioner has also failed to demonstrate prejudice. *See United States v. Taylor*, 487 U.S.

---

[20] "A court evaluating a constitutional speedy-trial claim must weigh the following factors: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant resulting from the delay." *United States v. Worthy*, 772 F.3d 42, 48 (1st Cir. 2014) (quotation marks omitted) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

326, 343 (1988) (holding, in a case involving a trial delay under section 3162(a)(2), that the district court abused its discretion by granting dismissal with prejudice, noting, among other factors, the defendant's contribution to the delay by failing to appear for trial).[21]

### 5. *Franks* (Ground 10)

Petitioner alleges counsel was ineffective because counsel failed to challenge the lack of a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).[22] (Motion at 17.) He alleges the affidavit for the search warrant omitted material information, and he was wrongfully excluded from the proceedings on the affidavit. (*Id.*; Attachment, ECF No. 369-1 at 42-44.) He also alleges counsel's performance was substandard based on the failure to argue against the good faith exception under *United States v. Leon*, 468 U.S. 897

---

[21] Regarding the claim of delay in the completion of the competency examination, Petitioner cannot demonstrate a reasonable probability that any dismissal would have been with prejudice, *see* 18 U.S.C. § 3162(a)(2), and, therefore, the ineffective assistance claim fails both prongs of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see also United States v. Noone*, 913 F.2d 20, 26 (1st Cir. 1990) ("Assuming, without deciding, that Speedy Trial Act exclusions for delays occasioned by psychiatric examinations are subject to the time limits in [18 U.S.C. § 4247(b)], the entire period of time Noone was at Butner for psychiatric examinations was nonetheless excludable under [18 U.S.C. § 3161(h)(1)(A)].").

[22] In this Court's decision on Petitioner's motion for a new trial, the Court explained:

> In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that a criminal defendant may obtain an evidentiary hearing to challenge the sufficiency of an executed warrant if he can make a substantial showing that the affidavit supporting the warrant included deliberately or recklessly false statements. To warrant a *Franks* hearing, a defendant bears the burden of overcoming the presumption of validity that attaches to the affidavit supporting the warrant. Thus, the defendant must make "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* at 171. However, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.* at 171-72. Given this standard, "a defendant must meet a high bar even to get a *Franks* hearing in the first place." *United States v. Tzannos*, 460 F.3d 128, 136 (1st Cir. 2006).

(Order, ECF No. 341 at 11-12.)

(1984), and the failure to argue totality of the circumstances under *Illinois v. Gates*, 462 U.S. 213 (1983). (Attachment at 46-47.)

In his motion for new trial, Petitioner maintained he was entitled to a *Franks* hearing, based on a proffer that the agent who provided the search warrant affidavit failed to state that he could not corroborate reports of a smell of marijuana at Petitioner's residence, and failed to assert that a confidential informant had reported that Petitioner stole his motorcycle. (Motion, ECF No. 332 at 11-13.)

On appeal, the First Circuit discussed and decided the issues presented by *Leon* and *Gates*. *Widi*, 684 F.3d at 221. This Court denied the motion for a new trial. (Order, ECF No. 341.) The First Circuit affirmed. (*Widi*, Nos. 13-2089, 13-2442 (1st Cir. Apr. 23, 2015).) The underlying *Franks* claim is therefore precluded from collateral review. *See Singleton*, 26 F.3d at 240. Because the claim fails on the merits, the related claim of ineffective assistance also fails.[23] *See Tse*, 290 F.3d at 465.

### 6. *Brady* (Grounds 11, 27)

Petitioner alleges a violation under *Brady v. Maryland*, 373 U.S. 83 (1963), and a related claim of ineffective assistance.[24] (Motion at 19; Attachment, ECF No. 369-1 at 49;

---

[23] Petitioner also refers to a discussion during the suppression hearing about whether the agent corroborated the report of a confidential informant that the material covering Petitioner's windows was tin foil. (Attachment, ECF No. 369-1 at 43-44.) Although Petitioner apparently alleges counsel failed to raise the issue (*id.* at 44), the record demonstrates counsel did raise it. (Suppression Tr., ECF No. 155 at 139.) Therefore, to the extent Petitioner claims ineffective assistance of counsel, the claim fails.

[24] The First Circuit has noted:

> In [*Brady v. Maryland,* 373 U.S. 83, 87 (1963)], the Supreme Court held the Government's suppression of evidence favorable to the accused violates due process where the evidence is material to guilt or punishment. To establish a *Brady* violation, a habeas petitioner must demonstrate: (1) the evidence at issue is favorable to him because it is exculpatory or

Supplemental Claim, ECF No. 392-1.)  Petitioner asserts the Government failed to provide a report with information about a confidential informant who did not testify at trial, but who was the stepson of a trial witness.  (Attachment at 50.)  Petitioner contends the report explained the benefit to the stepson of serving as a confidential informant, and it would have enabled Petitioner to impeach the witness at trial based on the suggestion that the witness was responsible for the firearm in Petitioner's apartment in an effort to help his stepson avoid prosecution.  (Attachment at 49-51.)  Petitioner contends he was prejudiced because without the report, he was "forced to take the stand."  (*Id.* at 51.)

While Petitioner evidently concedes the underlying claim is procedurally defaulted (Reply, ECF No. 451 at 70), he contends the default is the result of ineffective assistance of counsel.  The ineffective assistance claim fails because, had the Government provided a report of the type Petitioner argues it should have provided, the report would have provided at best cumulative impeachment evidence on a tangential point, and, as such, it would not have been material to Petitioner's guilt or punishment.  *See Conley v. United States*, 415 F.3d 183, 188 (1st Cir. 2005); *Moreno-Morales v. United States*, 334 F.3d 140, 148 (1st Cir. 2003) ("noting that cumulative evidence is not usually material if defense had opportunity to impeach the witness by other means") (citing *Zeigler v. Callahan*, 659 F.2d 254, 266 (1st Cir. 1981)).

---

impeaching; (2) the Government suppressed the evidence; and (3) prejudice ensued from the suppression (i.e., the suppressed evidence was material to guilt or punishment).

*Conley v. United States*, 415 F.3d 183, 188 (1st Cir. 2005) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

In his supplemental claim, Petitioner alleges he discovered in May 2015 that the Government violated *Brady* when it failed to produce before trial a document he refers to as an "Eliot Police Interdepartmental Memorandum." (Supplemental Claim at 2.) Petitioner asserts the memorandum provides evidence of "the systematic falsification of reports by Eliot Police Officers . . . ." (*Id.*)[25] Petitioner contends the memorandum would have corroborated his sole defense "that law enforcement had manipulated evidence in the case," and that it also may have influenced sentencing facts regarding the location of the marijuana and guns, and the Court's determination at sentencing that Petitioner committed perjury at trial. (*Id.* at 3.)

Regardless of whether the underlying *Brady* claim was filed timely, the claim fails because there is not "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Caro–*

---

[25] Petitioner refers to news articles and cites to ECF No. 388-25. (Motion for Leave to Amend or Supplement § 2255 Motion, ECF No. 392 at 1-2.) It appears Petitioner may have intended to cite to ECF No. 388-24. The following are excerpts from the news articles to which he refers:

> [Former Eliot Police Department Deputy Chief Kevin Cady] testified Friday before Justice John O'Neil Jr. during a hearing in an unrelated criminal case that he presented a 60-plus-page report to the chief documenting how he discovered that four of the department's six patrol officers had repeatedly lied in their reports, claiming they patrolled areas in town, while GPS mapping data from their cruisers proved they hadn't.

(Attachment to Letter, ECF No. 388-24 at 5.)

> Another former officer of the Eliot police force, Kevin Curran, also testified in court on Friday that he gave [Eliot Police Chief Theodor Short] a memo reminding the chief of Cady's report and his duty to turn it over to prosecutors in criminal cases to share with defense attorneys. Curran testified that Short emailed him back acknowledging he had received [the] memo.

(*Id.*)

*Muñiz*, 406 F.3d 22, 29 (1st Cir. 2005) (quotation marks omitted).[26]  Any failure to provide the report or memorandum to Petitioner before trial was not a *Brady* violation, because the record fails to demonstrate that the content of the information was exculpatory as to Petitioner, or was otherwise related to the work of the officers involved in the investigation that resulted in the prosecution and conviction of Petitioner.  To the contrary, the record demonstrates that the two officers (Cady and Curran) called the Eliot Police Department's attention to the issue of false patrol reports.[27]  *See Conley*, 415 F.3d at 188.  Petitioner, therefore, has failed to establish a basis for a *Brady* claim.

Because the underlying *Brady* claim fails, Petitioner's related claim of ineffective assistance also fails.  *See Tse*, 290 F.3d at 465.

### 7.  Competency (Ground 12)

Petitioner alleges the Court "failed to conduct an adequate competency hearing or have [Petitioner] further evaluated and counsel was ineffective for failing to raise the issue or advocate for incompetency."  (Motion at 20; Attachment, ECF No. 369-1 at 52.)  More specifically, Petitioner argues the Court failed to establish the proper burden of proof, and it should have heard expert testimony.  (Motion at 20.)  He asserts a related claim of ineffective assistance.  (Motion at 20; Attachment at 52, 59.)

---

[26] This discussion assumes, without specifically addressing the issue, that Petitioner could demonstrate the supplemental claim is timely under 28 U.S.C. § 2255(f)(4), which provides a one-year limitation period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[27] An additional Eliot police officer also testified at trial, but it appears his testimony is not the subject of Petitioner's supplemental claim.  (Supplemental Claim, ECF No. 392-1 at 2-3; Trial Tr., ECF No. 235 at 203-07.)

The First Circuit addressed the underlying issue of competency on appeal; the Court assumed for the sake of argument that it would apply a standard of review of clear error to its review of this Court's factual findings, and it found no clear error. *Widi*, 684 F.3d at 219, 221. The First Circuit noted that counsel concluded Petitioner could assist adequately in his own defense, that this Court observed Petitioner was competent, and that Petitioner insisted he was competent to stand trial. *Id.* at 220. The underlying issue was decided on appeal and is therefore precluded on collateral review. *See Singleton*, 26 F.3d at 240.

Because the underlying claim failed on the merits on appeal, Petitioner's related claim of ineffective assistance also fails. *See Tse*, 290 F.3d at 465.

### 8. Duplicity (Ground 13)

Petitioner argues trial counsel's performance was substandard in several respects, and Petitioner was prejudiced, regarding the issue of duplicity or multiplicity of the charges and a related issue of Petitioner's proposed jury instructions.[28] (Motion at 22; Attachment, ECF No. 369-1 at 60.)

Petitioner alleges counsel failed to argue that the Government should be judicially estopped from making an argument; in particular, Petitioner alleges that in the

---

[28] The Court decided the disputed issue of multiplicity of the charges in its order denying Petitioner's motion to dismiss the (first) superseding indictment (Order, ECF No. 156), and it decided the issue of duplicity of the charges in its order denying Petitioner's motion to dismiss the second superseding indictment (Order, ECF No. 191).

"Multiplicity is charging the same offense in two or more counts of an indictment or information. The danger of multiplicity is that the jury may believe the defendant has committed more criminal acts and may reach a compromise verdict on what is really only one crime." (Order, ECF No. 156 at 5 (citing *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000) (citation omitted).) In its order denying Petitioner's motion to dismiss the (first) superseding indictment, the Court concluded that Count 1 (alleging possession

Government's response to Petitioner's motion to dismiss the first superseding indictment, the Government characterized the firearms and ammunition as having been found in different locations within Petitioner's apartment, whereas in the Government's response to Petitioner's motion to dismiss the second superseding indictment, the Government argued, inconsistently with its prior argument, that Petitioner's apartment constituted a single location where the firearms and ammunition were found. (Attachment, ECF No. 369-1 at

_____

of firearms) and Count 3 (alleging possession of ammunition) were multiplicitous, but that Petitioner had not demonstrated prejudice, and the parties were free to submit proposed jury instructions and/or a verdict form to minimize potential prejudice. (Order, ECF No. 156 at 8.)

"'Duplicity is the joining in a single count of two or more distinct and separate offenses.'" (Order, ECF No. 191 at 1 (quoting *United States v. Martinez Canas*, 595 F.2d 73, 78 (1st Cir. 1979).) "'The prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense.'" (*Id.* (quoting *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir. 1995).) In its order denying Petitioner's motion to dismiss Count 1 (alleging possession of both firearms and ammunition) of the second superseding indictment (Second Superseding Indictment, ECF No. 181) for lack of prejudice, the Court concluded that the items "were found in close enough proximity so as to constitute a single § 922(g) offense." (Order, ECF No. 191 at 2.) On the basis that "a jury need not be unanimous as to the particular firearm that they believe Defendant possessed," the Court also rejected Petitioner's argument that the firearms and ammunition found in the safe, where the issue was Petitioner's dominion and control, should be charged separately from the firearms and ammunition found outside the safe and particularly in the nightstand, where the issue was Petitioner's knowledge. (*Id.* at 2-3 (citing, *inter alia United States v. Verrecchia*, 196 F.3d 294, 301 (1st Cir. 1999).)

At trial, Petitioner proposed the following jury instruction on unanimity:

It is alleged in this case that firearms were located in two different places within the searched premises. One place, the safe, allegedly contained six firearms. Another place, the nightstand, allegedly contained one firearm.

You are instructed that, with regard to each location, you must find unanimously, all of the elements of the offense of possession of a firearm by a felon, in order to return a verdict of guilty with regard to either the firearms in the safe or the firearm in the nightstand.

(Proposed Jury Instruction Number Two, ECF No. 197.) The Court denied the proposed instruction. (Trial Tr., ECF No. 236 at 79.)

61; Response to Motion to Dismiss (First) Superseding Indictment, ECF No. 153 at 2; Response to Motion to Dismiss Second Superseding Indictment, ECF No. 190 at 3.)

Counsel's performance was not deficient based on lack of a judicial estoppel argument, nor was Petitioner prejudiced, because the Court did not accept the Government's argument in its order on the motion to dismiss the first superseding indictment: "Because Counts One and Three of the Superseding Indictment charge Defendant with the same crime and involve firearms and ammunition seized from the same location on a single day, those counts are multiplicitous." (Order, ECF No. 156 at 7.) *See Perry v. Blum*, 629 F.3d 1, 11 (1st Cir. 2010) ("The party proposing an application of judicial estoppel must show that the relevant court actually accepted the other party's earlier representation."). Given that Petitioner's underlying judicial estoppel argument fails on the merits, his related claim of ineffective assistance of counsel also fails. *See Tse*, 290 F.3d at 465.

Petitioner also alleges counsel was ineffective based on the failure to request a jury instruction on the issue of unanimity regarding the alleged possession of ammunition. (Motion at 22.) Petitioner maintains that although counsel's proposed jury instruction addressed the firearms, the instruction was substandard because it did not address the ammunition charged in the same count. (Attachment, ECF No. 369-1 at 62.)

The First Circuit's decision on appeal precludes relief on the jury instruction issue. *Widi*, 684 F.3d at 222-23. On appeal, the First Circuit applied a harmless error standard of review, and affirmed the denial of the proposed instruction based on the evidence of ammunition in plain view:

The request made below was that the jury had to agree unanimously that Widi possessed the guns in the safe or unanimously that he possessed the gun in the nightstand. Sensibly, counsel seeks to offer at least a token doubt as to each scenario, suggesting that the jury could, on the evidence, have plausibly believed that he had no access to the safe and that the gun in the night table was planted. Thus, the jury could have convicted without unanimously agreeing as to either scenario.

Putting aside other testimony connecting Widi with a gun purchase, any disagreement about the guns would have been harmless since ammunition recovered in the apartment was also charged and, unlike the guns, the ammunition was in plain view and confirmed by photographs of the scene. So even if none of the jurors believed Widi possessed any of the guns, he was still patently guilty of the single felon in possession count based on the ammunition.

*Widi*, 684 F.3d at 222 (footnote omitted). The Court thus concluded that had Petitioner not been "patently guilty" based on the plain-view ammunition, there might have been a risk that, without a unanimity instruction, the other evidence might have led to a verdict that was not unanimous. *Id.* at 223. Given the evidence, however, there was no need for a unanimity instruction. *Id.* at 222-23. Because Petitioner's underlying argument regarding a unanimity instruction fails on the merits, his related claim, that counsel was ineffective for failing to include an argument about the ammunition in the proposed jury instruction on unanimity, also fails. *See Tse*, 290 F.3d at 465.[29]

---

[29] Petitioner also argues counsel's performance was deficient based on the failure to move for reconsideration of the Court's adverse ruling on Petitioner's motion to dismiss duplicitous charges. (Attachment, ECF No. 369-1 at 61.) Trial counsel's performance was not deficient: "Counsel was not required to rehash through a motion for rehearing the position the court had once rejected." *United States v. Tajeddini*, 945 F.2d 458, 463 (1st Cir. 1991) (per curiam) (abrogated on other grounds, *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)).

### 9. Evidence seized (Grounds 14, 15, 16)

Petitioner alleges counsel's performance was ineffective because counsel failed to challenge the Government's failure to file a return with a detailed inventory of items seized and the locations from which the evidence was seized. (Motion at 23, 25.) Petitioner also alleges ineffective assistance for the failure to challenge the ammunition and marijuana on grounds of lack of a chain of custody and a failure to authenticate evidence. (*Id.* at 23, 25, 26.)

Petitioner raised the issues in his supplemental brief on appeal. (Attachment to Response, ECF No. 422-3 at 33-34.) The First Circuit rejected the arguments summarily. *Widi*, 684 F.3d at 226. Because the issues were decided on appeal, collateral review is precluded. *See Singleton*, 26 F.3d at 240. Given that the underlying arguments failed on the merits on appeal, Petitioner's related claim of ineffective assistance also fails. *See Tse*, 290 F.3d at 465.

### 10. Misjoinder (Ground 17)

Petitioner alleges counsel's performance was substandard, and he was prejudiced, because counsel failed to include in the motion to sever an argument that Petitioner wanted to testify as to the firearms charge without risk of incrimination on the marijuana charge, and because counsel failed to renew the motion at the end of the trial. (Motion at 28; Attachment, ECF No. 369-2 at 8-10.) Petitioner testified to the marijuana grow operation. (Trial Tr., ECF No. 227 at 8-9.)

In a letter, counsel explained to Petitioner why counsel did not include the argument in the motion to sever:

I did not argue that your right to testify will be hampered because you would be inclined to testify on one count and to do so would incriminate you on the other count. If I were to make that argument, I would need to make an offer of proof as to what you would testify to. I do not think that it is a good idea to do that at this point and, even if we wanted to do that, I do not see how testifying on one count would incriminate you on the other.

(Letter, ECF No. 369-15 at 1.)

The First Circuit held on appeal that this Court did not err when it denied Petitioner's motion to sever the charges. *Widi*, 684 F.3d at 222. Therefore, the underlying issue regarding the motion to sever may not be addressed on collateral review. *See Singleton*, 26 F.3d at 240. Furthermore, counsel's explanation to Petitioner reflects that counsel considered Petitioner's argument, but rejected it, apparently to keep trial options open and to prevent the Government from obtaining advance notice of Petitioner's anticipated testimony. Petitioner has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and he has failed to demonstrate prejudice. *Strickland*, 466 U.S. at 689, 694.

### 11. Prosecutorial Misconduct (Ground 18)

Petitioner alleges ineffective assistance based on the failure to pursue various instances of alleged prosecutorial misconduct. (Motion at 29.) Each alleged instance of ineffective assistance is discussed below.

Petitioner alleges ineffective assistance regarding *Brady* violations, but the evidence at issue was not exculpatory or material to impeachment. (Attachment, ECF Nos. 369-2 at 11, 369-4.) *See Conley*, 415 F.3d at 188.

Counsel moved to suppress "some fuses that might be used to make bombs," and the prosecutor represented she would not seek to introduce them. (Attachment, ECF No. 369-2 at 11; Trial Tr., ECF No. 235 at 7.) When counsel requested a sidebar discussion in which he objected that a photograph on display showed a fuse, the Court concluded it looked "like a piece of string," and the prosecutor represented the Government would not identify it or use it in argument. (*Id.* at 69.) The Court stated, "Let's move on." (*Id.* at 70.) Because counsel raised the issue with the Court in a suppression motion and during the trial, Petitioner cannot prevail on an ineffective assistance claim.

Counsel did not object to the prosecutor's reference to evidence (a manual for a suppressor) that the Court had excluded. (Attachment at 11-12; Trial Tr., ECF No. 235 at 5-7, 93-94.) On direct examination of the ATF agent, the prosecutor referred to "an agreement about a piece of evidence, we just want to make sure it's not in here. If you could just show me," to which the witness responded: "Hide it, then." (Trial Tr. at 93-94.) The evidence was not referenced by name, nor was it made available in any way to the jury. A failure to object was neither substandard performance nor prejudicial, given that an objection merely would have called attention to something the Government had not identified. *See Strickland*, 466 U.S. at 689, 694.

Counsel did not object when the prosecutor asked Petitioner whether he had "many more firearms" than found on the search, whether he ever buried firearms, or whether he kept firearms at his mother's or grandmother's house. (Attachment at 12; Trial Tr., ECF No. 227 at 22.) An objection likely would have been overruled. *See United States v. Cunningham*, 633 F. App'x 920 (11th Cir. 2015) (holding that the admission of uncharged

29

firearms in trial for a drug distribution crime in a Fed. R. Evid. 402, 403 ruling was not an abuse of discretion). Counsel's failure to object, therefore, does not constitute ineffective assistance.

Counsel did not object when the prosecutor asked Petitioner about facts not in evidence, such as whether other persons smelled marijuana coming from Petitioner's apartment. (Attachment at 12; Trial Tr., ECF No. 227 at 33.) Given that the agent testified he smelled marijuana when he walked through the door into Petitioner's apartment, Petitioner cannot demonstrate his Sixth Amendment rights to confrontation and to an impartial jury were prejudiced by counsel's failure to object. (Trial Tr., ECF No. 235 at 38.) *See United States v. Mercer*, 834 F.3d 39, 46 (1st Cir. 2016).

Counsel did not object when the prosecutor asked Petitioner whether other witnesses had lied under oath. (Attachment at 13; Trial Tr., ECF No. 227 at 45.) While "it is improper for an attorney to ask a witness whether another witness lied on the stand," *United States v. DeSimone*, 699 F.3d 113, 127 (1st Cir. 2012) (quotation marks omitted), Petitioner has failed to demonstrate prejudice: "Even if the government's questions intruded into the jury's role, the line of questioning was harmless," as there were obvious inconsistencies between Petitioner's testimony and that of the other witnesses. *See id.*

Counsel did not object when the prosecutor asked a witness whether he had had "regular contact" with Petitioner "since Friday night." (Attachment at 13; Trial Tr., ECF No. 236 at 59.) Counsel had asked the witness on direct examination whether he was in jail. (Trial Tr. at 4, 55.) An objection may have served only to alert the jury to draw the connection that Petitioner and the witness had been incarcerated in the same facility; a

failure to object thus was not substandard performance or prejudicial.  *See Strickland*, 466 U.S. at 689, 694.

Counsel did not object when an officer testified "the ATF wanted him to provide the combination to the safe . . . ." (Trial Tr., ECF No. 235 at 192.)  Petitioner argues the testimony did not accurately reflect the recorded conversation.  (Attachment at 13.)  The witness was asked to testify to his memory of the conversation; Petitioner objected to the question, and the Court overruled the objection.  (Trial Tr. at 192.)  Petitioner asked the witness whether he remembered Petitioner "saying, it's not my safe, I don't know the combination." (*Id.* at 194.)  Counsel also asked the witness whether he had previously testified he was not sure whether Petitioner had said "get them the combination" or "give them the combination." (*Id.* at 195.)  Counsel's efforts to address the testimony, both with the Court and through examination of the witness, were reasonable and do not constitute ineffective assistance.

In sum, the record fails to demonstrate any basis for a finding that counsel's performance was substandard or that he was prejudiced in any of the instances cited by Petitioner.  *See Strickland*, 466 U.S. at 689, 694.

### 12.  Defense witnesses (Ground 19)

Petitioner alleges counsel was ineffective because he failed to raise the Government's alleged threats to a defense witnesses.  (Motion at 31; Attachment, ECF No. 369-2 at 17-18.)  Petitioner contends that if the Government had not threatened certain witnesses with loss of employment and loss of parental rights, the witnesses would have testified that firearms found at Petitioner's apartment were possessed by someone else

shortly before the search.  (Attachment at 17.)  Petitioner evidently also alleges ineffective

assistance for the failure to obtain appropriate clothing for a jailed defense trial witness.[30]

(*Id.* at 18.)

At trial, counsel represented that Petitioner wanted counsel to withdraw; Petitioner

told the Court he disagreed with counsel about whether to call a particular witness, and

Petitioner requested a continuance; the Court denied both requests.   (Trial Tr.,

ECF No. 236 at 6-9.)  The record lacks any evidence to support a claim that counsel's

performance was substandard, or that Petitioner was prejudiced, based on the decision not

to call particular witnesses.  *See Strickland*, 466 U.S. at 688, 694.  That counsel may not

have been able to procure other clothing for the trial witness does not, without more,

amount to substandard performance, nor has Petitioner demonstrated prejudice.  *See id.*

(Trial Tr. at 4-5, 55.)

### 13. Grand jury (Ground 20)

Petitioner alleges counsel was ineffective because counsel failed to challenge the

grand jury proceedings.  (Motion at 32; Attachment, ECF No. 369-2 at 19.)  He contends

the grand jury that considered the superseding indictment was erroneously led to believe it

was to consider only the new evidence that led to the superseding indictment, rather than

the evidence in its entirety, because it heard live testimony as to the new allegations, but

only the transcript from the initial grand jury proceedings as to the remaining allegations.

---

[30] Petitioner also alleges the trial witness was arrested and jailed during Petitioner's trial on "trumped up
state charges," but he was not later prosecuted.  (Attachment, ECF No. 369-2 at 18.)  The allegation is not
ground for either a claim of misconduct relating to the prosecution of Petitioner or a claim of ineffective
assistance of counsel.

(Motion at 32; Attachment at 19-20.)  Petitioner also alleges the prosecutor made improper statements to the grand jury, and that the prosecutor improperly influenced the grand jury to return the superseding indictment.  (Attachment at 19-20.)

The Government was permitted under Rule 6(e)(3)(C) to disclose the transcript from the initial grand jury proceeding to the grand jury that considered the superseding indictment:  "An attorney for the government may disclose any grand-jury matter to another federal grand jury."  Fed. R. Crim. P. 6(e)(3)(C); *In re United States*, 441 F.3d 44, 55 (1st Cir. 2006) (noting that "the government is free to transfer evidence from one grand jury to a later one").  For that reason, counsel's failure to challenge the superseding indictment based on the Government's use of the transcript of the initial grand jury proceeding was not substandard, and Petitioner was not prejudiced.  *See Strickland*, 466 U.S. at 688, 694.

Petitioner alleges counsel should have challenged the superseding indictment because, Petitioner argues, in the grand jury proceeding, the prosecutor improperly referred to the *Miranda* warning and thus may have biased the grand jury.  (Attachment, ECF No. 369-2 at 20.)  The ineffective assistance claim regarding the reference to *Miranda* fails because the underlying argument lacks merit.  A review of the grand jury transcript reveals that the reference to *Miranda* was simply to orient the witness to the time-frame about which the prosecutor was inquiring (i.e., post-*Miranda*), which was consistent with the

Court's ruling on the motion to suppress. (*Id.*) *Widi*, 686 F. Supp. 2d at 114 (denying Petitioner's motion to suppress post-*Miranda* statements).[31]

Petitioner also contends the witness erroneously testified someone had told him that Petitioner took a gun, when later trial testimony revealed the person had left the gun with Petitioner. (Attachment, ECF No. 369-2 at 20.) The ineffective assistance claim fails because the superseding indictment charged possession, and whether there was a discrepancy between the grand jury testimony and the trial testimony as to how Petitioner came into possession is immaterial. *See United States v. Casas*, 425 F.3d 23, 38 n.13 (1st Cir. 2005) ("We have previously noted that even 'prosecutorial efforts to mislead a grand jury into returning an indictment normally may be addressed by more measured means' than dismissal of the indictment.") (quoting *United States v. Mangual-Corchado*, 139 F.3d 34, 41-42 (1st Cir. 1998) (holding that a variance in a description of events to a grand jury was not sufficiently material to require dismissal of the indictment, and that the guilty verdict of a petit jury demonstrates that a grand jury would have indicted if it had been fully apprised of inconsistent pretrial statements)).

### 14. Alternate juror (Ground 21)

Petitioner alleges ineffective assistance because counsel failed to challenge the Court's decision regarding jury deliberations following the dismissal of the alternate juror. (Motion at 34; Attachment, ECF No. 369-2 at 21.) The Court explained to the jury that the Court had neglected to identify and excuse the alternate juror before excusing the jury to

---

[31] The grand jury transcript is under seal. (Grand Jury Tr., ECF No. 430 at 8.)

deliberate. (Trial Tr., ECF No. 236 at 132-33.) Four minutes elapsed from when the jury

left the courtroom to when it reentered for the excusal of the alternate juror. (*Id.*) Petitioner

argues he is entitled to conduct discovery to determine whether he was prejudiced by the

presence of the alternate juror during the four minutes. (Reply, ECF No. 451 at 121-22.)

"'[T]he primary if not exclusive purpose of jury privacy and secrecy is to protect

the jury's deliberations from improper influence.'" *United States v. Rodriguez*,

759 F.3d 113, 117 (1st Cir. 2014) (quoting *United States v. Olano*, 507 U.S. 725, 737-38

(1993)). In *Rodriguez*, the Court noted:

> The gravamen of Rodriguez's appeal is that the court failed to protect the
> regular jurors from outside influences, including those that may have come
> from the alternates. Thus, rather than focusing on [Fed. R. Crim. P.] 24(c)(3),
> we frame our analysis in terms of a criminal defendant's Sixth Amendment
> right to an impartial jury.

759 F.3d at 117.[32]

In *Olano*, the issue was "whether the presence of alternate jurors during jury

deliberations was a 'plain error' that the Court of Appeals was authorized to correct under

Federal Rule of Criminal Procedure 52(b)." 507 U.S. at 727. "Of course, the issue here is

---

[32] In *United States v. Olano*, 507 U.S. 725 (1993), the Supreme Court observed: "The presence of alternate jurors during jury deliberations is no doubt a deviation from [Fed. R. Crim. P.] 24(c)." 507 U.S. at 737. Since *Olano*, the rule has changed, and at the time of Petitioner's trial it provided:

> The court may retain alternate jurors after the jury retires to deliberate. The court must
> ensure that a retained alternate does not discuss the case with anyone until that alternate
> replaces a juror or is discharged. If an alternate replaces a juror after deliberations have
> begun, the court must instruct the jury to begin its deliberations anew.

Fed. R. Crim. P. 24(c)(3). Although under *United States v. Rodriguez*, 759 F.3d 113, 117 (1st Cir. 2014), the issue is analyzed under the Sixth Amendment right to an impartial jury, had Petitioner's claim been analyzed under Rule 24(c)(3), the analysis would have been under the current version of the rule, rather than under the version in effect when *Olano* was decided.

whether the alternates' presence sufficed to establish remedial authority under Rule 52(b), not whether it violated the Sixth Amendment or Due Process Clause, but we see no reason to depart from the normal interpretation of the phrase 'affecting substantial rights.'" *Id.* at 739. The Court held that the presence of alternate jurors was not inherently prejudicial: "The presence of alternate jurors during jury deliberations is not the kind of error that 'affect[s] substantial rights' independent of its prejudicial impact." *Id.* at 737.

Petitioner requests discovery to determine whether he could develop the claim. (Reply, ECF No. 451 at 122.) The judge who presided at the trial may take into account the circumstances of the trial in determining whether Petitioner should be permitted discovery or a hearing.[33] *See McGill*, 11 F.3d at 225. The record lacks any evidence to suggest that the four-minute interlude between the exit of the jury from the courtroom and its re-entry into the courtroom for the identification and excusal of the alternate juror substantially affected Petitioner's right to an impartial jury. *See Olano*, 507 U.S. 737-38; *Rodriguez*, 759 F.3d at 117. To the contrary, the very short time period suggests a lack of opportunity for the alternate juror to have affected Petitioner's right to an impartial jury.

### 15. Judicial fact-finding at sentencing (Ground 22)

Petitioner alleges counsel was ineffective based on the failure to challenge judicial fact-finding at sentencing that Petitioner "maintained several firearms with his marijuana

---

[33] The Government argues that, based on (1) the short amount of time before the jury was brought back into the court room; (2) the location of the jury room in relation to the courtroom at the time of Petitioner's trial; and (3) the Court's statement "before I let you start deliberating," the Court may have concluded at the time that the jury had not actually started deliberating. (Response at 81-82; Trial Tr., ECF No. 236 at 133.)

grow operation . . . ."[34]  (Motion at 35; Attachment, ECF No. 369-2 at 23; Sentencing Tr.,

ECF No. 286 at 91.)  The finding led to a four-level sentencing enhancement, pursuant to

USSG § 2K2.1(b)(6).  (Sentencing Tr. at 91-92.)  Petitioner argues the sentencing finding

circumvented a prosecution under 18 U.S.C. § 924(c), as to which Petitioner would have

had the protections of a jury trial right and a higher burden of proof.  (Attachment at 23.)

The issue is procedurally defaulted because Petitioner did not raise it on appeal.[35]

The ineffective assistance claim regarding prosecution under 18 U.S.C. § 924(c) fails

because Petitioner was not charged, convicted or sentenced under section 924(c).

Petitioner's underlying argument regarding the sentencing findings lacks merit,

because there was no mandatory minimum sentence under either 18 U.S.C. 924(a)(2) or

21 U.S.C. § 841(b)(1)(D).  *See Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151, 2155

(2013) ("Mandatory minimum sentences increase the penalty for a crime.  It follows, then,

that any fact that increases the mandatory minimum is an 'element' that must be submitted

to the jury.")  In other words, because there was no mandatory minimum sentence, *Alleyne*

---

[34] In addition, the Court found:

> With regard to the objection regarding the firearm and its relationship to the drug offense, I find specifically that the firearms were used to protect the marijuana-growing operation. The use of guns in connection with drugs is well known, and the presence of this type of gun in particular is not unusual with regard to a marijuana-growing operation.  I note that one of the firearms in this case, the Derringer, was particularly close to the bed.  In my view that was there to protect against intruders attempting to take his drugs.  It's not uncommon in this type of operation.

(Sentencing Tr., ECF No. 286 at 90.)

[35] On appeal, Petitioner challenged the factual basis for the section 2K2.1(b)(6) four-level enhancement. *Widi*, 684 F.3d at 224.  The First Circuit reviewed the evidence of the proximity of the firearms to the marijuana operation in Petitioner's apartment, the evidence of Petitioner's access to the firearms, and Petitioner's assertion that the firearm in the nightstand "had nothing to do with drug cultivation," and the Court concluded that "[i]t was not error at all, let alone clear error, to impose the enhancement." *Id.*

does not apply to Petitioner's case. *See id.*; *United States v. Ramírez-Negrón*, 751 F.3d 42, 50 (1st Cir. 2014) ("[N]o *Alleyne* error occurs when there is no mandatory minimum sentence imposed which is triggered by judicial factfinding.")

Furthermore, the facts the Court found at sentencing did not result in a prison term beyond the statutory maximum. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") *Apprendi* does not apply to Petitioner's case, because any facts found by the Court at sentencing did not increase the penalty beyond the prescribed statutory maximum of 10 years applicable to the possession count, pursuant to 18 U.S.C. § 924(a)(2). *See id.*

Because the underlying claim fails on the merits, the related claim of ineffective assistance also fails. *See Tse*, 290 F.3d at 465.

### 16. Sentence (Grounds 23, 24, 25)

Petitioner alleges counsel failed adequately to challenge the reasonableness of the sentence (Ground 23), the perjury enhancement (Ground 24), or the conditions of supervised release (Ground 25). (Motion at 37-38, 40.)

As to the reasonableness of the sentence, Petitioner alleges counsel failed to object when the Court, by considering its finding of a connection between the firearms and the marijuana operation under both USSG § 2K2.1(b)(6) and 18 U.S.C. § 3553(a), "double counted" the finding. (Motion at 37; Attachment, ECF No. 369-2 at 29; Sentencing Tr. at 90-93.)

The ineffective assistance claim fails because the underlying argument lacks merit:

> In the criminal sentencing context, double counting is a phenomenon that is less sinister than the name implies. When formulating its overall sentencing rationale, a sentencing court is not normally foreclosed from considering the same nucleus of operative facts that grounded an enhancement. In the absence of an express or implied prohibition—and we discern none here—a district court may rely on a particular fact for multiple sentencing purposes.

*United States v. Sepúlveda-Hernández*, 817 F.3d 30, 34-35 (1st Cir. 2016) (quotation marks and citations omitted) (holding that "[t]he overlap between the sentencing enhancement under USSG § 3B1.1 and the sentencing factors made relevant by 18 U.S.C. § 3553(a) does not furnish a basis for a claim of impermissible double counting"); *United States v. Maisonet-González*, 785 F.3d 757, 764 (1st Cir. 2015) (noting that the "overlap between the Guidelines and other sentencing factors enumerated in 18 U.S.C. § 3553(a) did not constitute double counting and is neither surprising nor impermissible").

Petitioner alleges counsel failed to request specific findings regarding the two-level enhancement for obstruction of justice. (Motion at 38; Attachment, ECF No. 369-2 at 31.) Petitioner argues the Court did not find all the elements of perjury, and counsel failed to object. (Attachment at 31-32.)

The court found Petitioner committed perjury "when he testified that the ATF agent planted the marijuana plants, denied they were his." (Sentencing Tr. at 89.) The issue was addressed on appeal; the First Circuit concluded the trial evidence was sufficient to support

a finding of perjury at sentencing.[36] *Widi*, 684 F.3d at 224. The underlying issue therefore may not be addressed again on collateral review. *See Singleton*, 26 F.3d at 240. Because the underlying argument lacks merit, the ineffective assistance claim also fails. *See Tse*, 290 F.3d at 465.

Petitioner alleges ineffective assistance of counsel based on the failure to challenge a condition of release regarding Petitioner's medication regimen. (Motion at 40; Attachment, ECF No. 369-2 at 33-34.) Even if a challenge to a condition of release regarding medical treatment would be cognizable on habeas review, Petitioner's conditions of release have changed as a result of an order granting an unopposed motion to modify conditions of release, and therefore the section 2255 claim, which pertains to a prior order, is moot. (Initial Appearance Tr., ECF No. 472 at 12-16; Order, ECF No. 471; Unopposed Motion to Modify Conditions of Release, ECF No. 470; Order Setting Conditions of Release, No. 17-4509 LHG (D. N.J. July 17, 2017.) On that basis, dismissal of the section 2255 claim regarding release conditions is warranted.

### 17. Cumulative error (Ground 26)

Petitioner alleges counsel was ineffective because counsel failed to challenge the cumulative effect of errors that Petitioner argues deprived him of due process and a fair trial. (Motion at 41; Attachment, ECF No. 369-2 at 35.) There is no basis for the claim that counsel's performance was substandard, or that Petitioner was prejudiced, by counsel's

---

[36] Although the perjury finding, affirmed on appeal, *Widi*, 684 F.3d at 224, was itself a sufficient basis for the obstruction of justice sentencing enhancement, the Court also based the enhancement on a threat Petitioner made against a trial witness. (Sentencing Tr. at 89.)

failure to make a cumulative error argument. *See United States v. Sampson*, 486 F.3d 13, 51 (1st Cir. 2007) (concluding that because none of the district court's rulings "worked any cognizable harm" to the appellant, the doctrine of cumulative error did not apply). Accordingly, Petitioner's cumulative error claim must fail.

### III.    CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and motion to certify a question to the New Hampshire Supreme Court.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2017.